UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BARRISTER COMMERCIAL GROUP, APPELLANT

v. CIVIL ACTION NO. 3:09-CV-343-S

PHILIP JOHN STEELE and ELAINE DAVIS STEELE, APPELLEES

**MEMORANDUM OPINION**

Barrister Commercial Group ("BCG") appeals the bankruptcy court's decision finding that its liens on property owned by the appellees (Philip John Steele ("Philip") and Elaine Davis Steele ("Elaine") (together, "the Steeles")) were invalid. It also challenges the bankruptcy court's finding of fact regarding the valuation of the property on which it claims to hold those liens, and asserts that the court ought to have considered its assertion of laches. For the reasons that follow we will affirm the bankruptcy court's decision in all respects.

In 1995, the Steeles purchased a home located at 1414 South Third Street, Louisville, Kentucky. In July 2001, BCG obtained a judgment in its favor against (*inter alia*) Philip in the amount of $37,745.85 plus costs, interest, and attorney's fees.[1] On August 6, 2001, BCG filed a Notice of Judgment Lien against Philip, which listed the date of the judgment as July 18. The Certificate of Service indicated that BCG mailed the Notice to Philip at "1414 3rd Street, Louisville, KY 40208." On August 15, 2001, BCG filed a revised Notice of Judgment Lien against Philip, this one listing the date of judgment as July 27. The Certificate of Service indicated that BCG mailed this Notice to Philip at "9909 Four Seasons, Louisville, KY 40241-2117." This was evidently the address of John Winston Markham, Philip's attorney in the state-court action.

---

[1] The bankruptcy court subsequently found the debt to be dischargeable, over BCG's objection..

On November 20, 2001, the Steeles filed for Chapter 7 bankruptcy relief. The petition listed the value of their home at $214,250. The property was subject to a mortgage lien in the amount of $201,000. The bankruptcy court entered a Final Decree and closed the case on January 7, 2004.

On March 27, 2008, BCG filed a *Lis Pendens* Notice on the property; in June 2008 the Steeles moved to reopen the bankruptcy case and to avoid the lien. The bankruptcy court held an evidentiary hearing, at which various persons testified that the value of the home at the time of the bankruptcy petition was between $180,000 and $405,000. After the hearing, the bankruptcy court determined, first, that neither of the Notices of Judgment Lien were properly delivered to the Steeles, because neither one was sent to their last known address. Construing KRS 426.720 to require strict compliance, the court held that the errors in mailing (neither certificate of service displayed the Steeles' precise last known address) were sufficient to avoid the lien. Alternatively, the court also found that the value of the property in 2001 was approximately $214,250. Because of the $201,000 mortgage, 11 U.S.C. § 522(f) allowed avoidance of the lien because it would impair the Steeles' $10,000 claimed exemption on the property. BCG appeals, arguing that each of the Notices complied with Kentucky law and that the house was properly valued at $405,000 (the higher value would allow the lien to attach).[2] We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Baker & Getty Fin. Servs.*, 106 F.3d 1255, 1259 (6th Cir. 1997); Bankruptcy R. 8013.

Turning first to the Notices: KRS 426.720 ("Judgment creditor's notice requirements") reads, in pertinent part (emphasis added):

---

[2] BCG does not challenge the bankruptcy court's legal conclusion that the $214,250 valuation led to avoidance of the whole lien.

- 2 -

> A final judgment for the recovery of money or costs in the courts of record in this Commonwealth, whether state or federal, shall act as a lien upon all real estate in which the judgment debtor has any ownership interest, in any county in which the following first shall be done:
> (1) The judgment creditor or his counsel shall file with the county clerk of any county a notice of judgment lien . . . ;
> . . .
> (3) The judgment creditor or his counsel *shall send to the last known address of the judgment debtor*, by regular first class mail, postage prepaid, or shall deliver to the debtor personally, a copy of the notice of judgment lien . . . .

If strict, to-the-letter compliance with this statute is required for a lien to be valid, the Notices of Judgment Lien were each insufficient. BCG mailed the first one to an address naming "3rd Street" rather than "*South* Third Street," and the second one to Markham's office address. Neither one matches the Steeles' actual last known address. It might, however, be the case that only *substantial* compliance with the statute is required, in which event BCG would have a plausible case that it fulfilled its duty by sending the initial Notice to an address that missed the mark by only one probably inconsequential word. Unhelpfully, the Kentucky courts have not provided us with an answer to this question. *Redondo Constr. Corp. v. United States*, 157 F.3d 1060 (6th Cir. 1998), though cited by both parties, does not resolve the issue. It ultimately concludes that the lienholder's attempt to serve its notice did not "substantially compl[y]" with KRS 426.720's requirements, *id.* at 1064, but that was only in response to the lienholder's argument that it had achieved such compliance. Nowhere did the court hold that substantial compliance would have been enough, and if strict compliance is required a failure to substantially comply is obviously insufficient. The court had no occasion to rule on the strict-or-substantial compliance question.

Neither do we: while the court is left unsure of how to interpret KRS 426.720, the other facts of the case make it unnecessary to do so. There is no clear error in the bankruptcy judge's determination that the property in question was worth $214,250 rather than $405,000. The testimony

at the hearing ranged from Elaine's[3] estimate of $180,000, to the Steeles' appraiser's estimate of $215,000, to BCG's appraiser's estimate of as much as $405,000. The court below found the Steeles' appraisal to be "more credible and accurate" than that proffered by BCG, in light of the house's "obvious poor condition" and its location next to an "adult entertainment bed and breakfast." (The court will not hazard a guess as to the nature of said establishment; suffice it to say that its presence is a plausible basis for thinking nearby property values are somewhat lower than one might otherwise expect.) Furthermore, a January 2001 assessment of the property placed its value at $214,250. BCG has pointed us to no factual basis for doubting the bankruptcy judge's determination. BCG argues that the property must be evaluated from the standpoint of its "highest and best use," *see Galbraith v. Winn*, 459 S.W.2d 153, 154 (Ky. 1970), but the record does not indicate that the judge considered the wrong use of the property. Rather, it shows that in the judge's opinion the condition and location of the property were such that no one would pay $405,000 to buy it for any purpose. Accordingly the lien is properly avoided pursuant to 11 U.S.C. § 522(f), and we will affirm the bankruptcy court's judgment by separate order.

---

[3] Though an interested party, Elaine has been involved in the real estate business for more than 10 years and is otherwise knowledgeable. Anyway the bankruptcy judge settled on a number higher than Elaine's.